UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

SAHEED ADEROGBA,

                                             Plaintiff,

                   -against-

THE CITY OF NEW YORK, POLICE OFFICER JORGE
CASTRO (tax # 952559), POLICE OFFICER ANDREW
KAMNA (tax # 943423), JOHN DOES 1-5,

                                   Defendants.

**FIRST AMENED
COMPLAINT**

15 CV 5745 (AMD) (RML)

Jury Trial Demanded

----------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff alleges that the City of New York and several New York City Police Officers of the 73rd Precinct in Brooklyn violated his rights under 42 U.S.C. § 1983 and the First and Fourth Amendments to the United States Constitution by retaliating against him for engaging in free speech, subjecting him to an illegal search and seizure and falsely arresting him.  Plaintiff also asserts claims of false arrest, false imprisonment and vicarious liability under New York state law.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the First and Fourth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of false arrest, false

imprisonment and vicarious liability which form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

4.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

## JURY TRIAL

5.      Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

6.      In connection with plaintiff's claims of false arrest, false imprisonment, and vicarious liability under state law, a notice of claim was duly filed with the City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filing, and the City has not offered to settle plaintiff's state law claims.

7.      This action is brought within one year and 90 days of the incident at issue.

## PARTIES

8.      Plaintiff is a resident of the State of New York, County of Kings.

9.      The City of New York is a municipal corporation organized under the laws of the State of New York.

10.      The individual defendants are members of the NYPD.  The individual defendants acted under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein.  The individual defendants are sued in their individual capacities.

2

## STATEMENT OF FACTS

11.     On May 11, 2015, at approximately 1:00 a.m., plaintiff and his friend Unique Foster were passengers in a car driven by their friend, Richard Manus.

12.     When the car was on Park Place between Ralph and Howard Avenues in Brooklyn, NYPD officers, including Officers Jorge Castro and Andrew Kamna (the "officers"), stopped the car without legal justification and searched the vehicle and the occupants.

13.     Plaintiff complained during his unlawful search and seizure that the officers had no right to hold and search him as he had done nothing wrong.

14.     Plaintiff's speech angered the officers.

15.     During the search of the vehicle, the officers found a metal rod hidden in the car which belonged to Manus.

16.     After completing their search, the officers arrested Manus for driving without a license, reckless driving and possession of a weapon.

17.     The officers told plaintiff that they were going to arrest him and charge him with disorderly conduct and possession of a weapon because plaintiff did not know how to keep quiet like his friend Unique Foster.

18.     The officers did not arrest Foster.

19.     The arrest of plaintiff was not based on probable cause because plaintiff's speech did not amount to disorderly conduct, the metal rod found in the car was not a weapon under the New York Penal Law, and plaintiff was never in actual or constructive possession of the rod.

20.     The defendants took plaintiff and Manus to the 73rd Precinct.

21.     In the 73rd Precinct, Officer Castro, acting in concert with Officer Kamna and the other officers, charged plaintiff with disorderly conduct and possession of a weapon.

22.     The officers subsequently took plaintiff to Brooklyn Central Booking to await arraignment.

23.     While plaintiff was incarcerated in Brooklyn Central Booking, defendant Officer Castro, with the approval of Officer Kamna and the other arresting officers, misrepresented to the Kings County District Attorney's Office that plaintiff was found in possession of a metal rod, that plaintiff had reached for the rod, and that plaintiff told the officers that the rod was for "protection."

24.     Further, when meeting with the Kings County District Attorney's Office, defendant Officer Castro, with the approval of Officer Kamna and the other arresting officers, stated that plaintiff was disorderly because he complained during the incident that the officers did not have the right to search or seize him and that the officers "did not know how to do their jobs."

25.     On May 11, 2015, at approximately 7:00 p.m., plaintiff was released from Brooklyn Central Booking because the District Attorney's Office declined prosecution.

26.     Defendants' illegal conduct as described above caused plaintiff to suffer emotional distress, humiliation, embarrassment, fear, anxiety, substantial inconvenience, a loss of liberty and the pains of incarceration.

**FIRST CLAIM**

**(§ 1983; FALSE ARREST AND ILLEGAL SEARCH AND SEZIURE)**

(Against All Defendants)

27.     Plaintiff repeats the foregoing allegations.

4

28.     Defendants, acting under color of state law, stopped, searched, seized, arrested and imprisoned plaintiff without legal justification or probable cause in violation of § 1983 and the Fourth Amendment.

29.     Defendants intended to confine the plaintiff, plaintiff was conscious of his confinement, plaintiff did not consent to his confinement, and plaintiff's confinement was not privileged or lawful.

30.     Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

31.     As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## SECOND CLAIM

## (§ 1983; VIOLATION OF RIGHT TO FREE SPEECH)

(Against All Defendants)

32.     Plaintiff repeats the foregoing allegations.

33.     Plaintiff exercised free speech during the incident in question by complaining about defendants' actions.

34.     Plaintiff's exercise of free speech was a motivating factor in defendants' decisions to arrest, attempt to prosecute and otherwise mistreat plaintiff.

35.     Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

36.     As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## THIRD CLAIM

### (§ 1983; FAILURE TO INTERVENE)

(Against All Defendants)

37.     Plaintiff repeats the foregoing allegations.

38.     Defendants, while acting under color of state law, had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights under the First and Fourth Amendments, but they failed to fulfill their constitutional obligation to intervene.

39.     Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

40.     As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## FOURTH CLAIM

### (§ 1983; MUNICIPAL LIABILITY)

(Against the City of New York)

41.     Plaintiff repeats the foregoing allegations.

42.     The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

43.     The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

44.     Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct, and/or have been inadequately trained.  Indeed, not only have Officers Castro and Kamna been the subject of prior

complaints of police misconduct, but, prior to violating plaintiff's rights, Officer Kamna was sued for police misconduct in 8 cases filed in the Eastern District of New York and one case filed in the Southern District of New York, and Officer Castro was a defendant in a police misconduct case filed in the Eastern District.  Officers Castro and Kamna may have also been sued in state court for police misconduct.

45.     Despite having the aforesaid knowledge, the City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly investigate the prior allegations of police misconduct made against the defendants and failed to properly train, retrain, supervise, discipline, counsel and monitor the defendants after the complaints of misconduct were made.

46.     The City of New York's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

47.     The City of New York's conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

48.     As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

### FIFTH CLAIM

**(FALSE ARREST/FALSE IMPRISONMENT UNDER N.Y. STATE LAW)**

(Against All Defendants)

49.     Plaintiff repeats the foregoing allegations.

50.     Defendants, acting within the scope of their employment as members of the NYPD, arrested and imprisoned plaintiff without legal justification or probable cause.

51.     Defendants intended to confine the plaintiff, plaintiff was conscious of his confinement, plaintiff did not consent to his confinement, and plaintiff's confinement was not privileged or lawful.

52.     Because the individual defendants were acting within the scope of their employment when they falsely arrested and imprisoned plaintiff, the City of New York is vicariously liable to plaintiff.

53.     Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

54.     As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

a.     Compensatory damages in an amount to be determined by a jury;

b.     Punitive damages in an amount to be determined by a jury;

c.     Attorney's fees and costs;

d.     Such other and further relief as the Court may deem just and proper.

DATED:  March 8, 2016

_____/s/_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391